**Appeal Number: 22-13258-HH**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

**KEITH SYLVESTER,**

**Plaintiff-Appellant.**

**v.**

**JAMES BARNETT,**

**Defendant-Appellee.**

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION
## CIVIL ACTION NO. 1:19-cv-04300-LMM

## APPELLEE'S RESPONSE TO BRIEF OF
## APPELLANT

**STACI J. MILLER**

CITY OF ATLANTA DEPARTMENT OF LAW
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Telephone: 404-546-4083
Fax: 404-225-5756
*Counsel for Appellee James Barnett*

**Appeal Number: 22-13258-HH**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

**KEITH SYLVESTER,**

**Plaintiff-Appellant.**

**v.**

**JAMES BARNETT,**

**Defendant-Appellee.**

## APPELLEE JAMES BARNETT'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee, through the undersigned counsel and pursuant to Eleventh Circuit Rule 26.1-1, hereby submits the following list of all trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

Barnett, James (Appellant)

Funt, Samantha (Counsel for Plaintiff-Appellant)

Greenamyre, Zack (Counsel for Plaintiff-Appellant)

Larkins, The Honorable John J. (United States Magistrate Judge)

May, The Honorable Leigh Martin (United States District Judge)

Miller, Staci J. (Counsel for Defendant-Appellee)

Pierre, Hermise (Counsel for Defendant-Appellee)

Smith, Darrin (Defendant)

Sylvester, Keith (Plaintiff-Appellant)

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Respectfully submitted this 22nd day of February 2023.

By: */s/ Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
(404) 546-4083 *direct*
***Attorneys for Appellee***

**CITY OF ATLANTA - LAW DEPARTMENT**
55 Trinity Avenue SW Suite 5000
Atlanta, GA 30303-3520
(404) 546-4100 *main*

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellee respectfully requests oral argument.

**<u>TABLE OF CONTENTS</u>**

CERTIFICATE OF INTERESTED PERSONS ................................................ C-ii

STATEMENT REGARDING ORAL ARGUMENT ..................................... I

TABLE OF CONTENTS..................................................................... II

TABLE OF CITATIONS ................................................................. IV

STATEMENT OF SUBJECT-MATTER AND APPELLATE
JURISDICTION .......................................................................... 1

STATEMENT OF THE ISSUES.......................................................... 1

STATEMENT OF CASE ................................................................. 1

SUMMARY OF THE ARGUMENT .................................................. 5

ARGUMENT AND CITATIONS OF AUTHORITY .................................... 5

   A. Standard of Review................................................................. 5

   B. Detective Barnett Had Actual Probable Cause To Seek The Arrest of
      Appellant............................................................................... 7

      1.  The Qualified Immunity Analysis ………………………………… 8

          a.  Det. Barnett is entitled to qualified immunity because Appellant's
            constitutional rights were not violated when he was arrested… 10

          b.  Detective Barnett had at least arguable probable cause to seek the
            arrest of Appellant based upon the information discovered during
            his investigation…………………………………………………... 13

   C. A Finding of Probable Cause Precludes Appellant from Recovering for
      Alleged Due Process Violations and Punitive Damages………………… 14

D. The Magistrate Court's Review of Additional Information in the Record Was Proper ................................................................................................ 16

E. Appellant Cites to Two Cases that are Easily Distinguishable from the Facts of This Case……………………………………………………………. 16

CONCLUSION ....................................................................................... 19

CERTIFICATE OF COMPLIANCE................................................................. C-1

CERTIFICATE OF SERVICE .......................................................................... C-2

## <u>TABLE OF CITATIONS AND AUTHORITIES</u>

### <u>UNITED STATES SUPREME COURT CASES</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)....................................  6
*Ashcroft v. Iqbal,* 556 U.S. 662, 672 (2009) ……………………………….  8
*Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)…………………………….  8
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). ...........................................  6
*Hunter v. Bryant,* 502 U.S. 224, 227 (1991)…………………………………  9
*Illinois v. Gates,* 462 U.S. 213, 235 (1983)………………………………...  7
*Pearson v. Callahan,* 555 U.S. 223, 232 (2009)………………………….…  9,10
*Spinelli v. United States*, 393 U.S. 410, 419 (1969)………………………..  7

### <u>11th CIRCUIT CASES</u>

*Allen v. Tyson Foods, Inc.*, 121 F. 3d 642 (11th Cir. 1997). ..........................  6
*Barnett v. MacArthur,* 956 F.3d 1291, 1297 (11th Cir. 2020)………………  18
*Brown v. City of Huntsville,* 608 F.3d 724, 734 (11th Cir. 2010)……………  13,14
*Casey v. Eslinger,* 555 F.3d 1317, 1327 (11th Cir. 2009)……………………  11
*Cozzi v. City of Birmingham,* 892 F.3d 1288, 1297 (11th Cir. 2018)………...  16,17
*Davis v. Scherer,* 468 U.S. 183 (1984)……………………………………..  15
*Franks v. Delaware*, 438 U.S. 154, 165-66 (1978)………………………………………………………..  16,17,18,19
*Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018)(cert. denied)……...  8,9,11
*Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256 (11th Cir. 2004)..............  6
*Hochstein v. Demings*, 723 Fed.Appx. 938, 945 (11th Cir. 2018) …………...  10,14
*HRCC, Ltd. v. Hard Rock Café International (USA), Inc., 703 Fed.Appx. 814, 817 (11th Cir. 2017)………………………………………………………….  16
*Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593-94 (11th Cir. 1995)…...  6
*Jones v. Michael,* 656 Fed. Appx. 923, 927 (11th Cir. 2016)…………………  13
*Kelly v. Curtis*, 21 F.3d. 1544, 1554 (11th Cir. 1994) ………………………..  19
*Lee v. Ferraro*, 284 F.3d 1188, 1200 (11th Cir.2002)…………………………………………………….7,8,9,13
*Leslie v. Hancock Cnty. Bd. of Educ.,* 720 F.3d 1338, 1345 (11th Cir. 2013)..  8,15
*Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739 (11th Cir. 1996).................  6
*Morris v. Ross,* 663 F.2d 1032 (11th Cir. 1981)...........................................  6
*Rankin v. Evans,* 133 F.3d 1425, 1435 (11th Cir. 1998) ……………………..  8

IV

*Redd v. City of Enterprise,* 140 F.3d 1378, 1383-84 (11th Cir. 1998 .............    13
*Skop v. City of Atlanta, Ga*., 485 F.3d 1130, 1137 (11th Cir. 2007)………….    7
*Smith v. Wade,* 461 U.S. 30 (1983)……………………………………………    15
*Washington v. Kirksey,* 811 F.2d 561, 565 (11th Cir. 1987)…………………..    15
*Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) …………………………    11

## STATUTES

28 U.S.C. § 1331. ................................................................................. …    1
42 U.S.C. § 1983. ............................. …………………………………….    1

## OTHER AUTHORITIES

FED. R. CIV. P. 56. ..........................................................................    5,6,7

v

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

The District Court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Appellant Keith Sylvester ("Appellant") asserted claims pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States against Appellee James Barnett ("Appellee" or "Det. Barnett").[1] This Court's jurisdiction is proper pursuant to 28. U.S.C. § 1291.

## I.     STATEMENT OF THE ISSUES

1. Whether Det. Barnett had actual or arguable probable cause to arrest Appellant?

2. Whether the District Court correctly granted summary judgment in favor of Det. Barnett based on qualified immunity?

## II.     STATEMENT OF THE CASE

In his Amended Complaint, Appellant sued Detective Barnett and Officer Smith (collectively, "Officers") pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States' Constitution alleging that he was arrested under false pretenses.[2] Appellant also alleged in his Amended Complaint that he was denied due process as a result of his arrest.[3] Appellant contends that he

---

[1] Doc. 40, hereinafter "Amended Complaint", ¶¶ 81 – 94. [Appellant's App. Doc. 16-1, 1-19].

[2] *Id*.

[3] *Id*. at ¶¶ 95 – 98.

1

is entitled to punitive damages against the Officers because they acted with conscious indifference and reckless disregard for the consequences of their actions.[4]

On November 9, 2021, the Officers filed their motion for summary judgment arguing, *inter alia*, that they were entitled to qualified immunity because at the time of Appellant's arrest, they had either actual or arguable probable cause to arrest him.[5] Appellant responded in opposition to the Officers' motion. Subsequently, on July 12, 2022, Magistrate Judge John K. Larkins entered his Report and Recommendation granting the Officers' Motion for Summary Judgment.[6] Over Appellant's objections, the District Court, Judge Leigh Martin May presiding, adopted the Magistrate's Report and Recommendation and granted the Officers' Motion for Summary Judgment.[7] This appeal arises from the Lower Court's entry of judgment in Det. Barnett's favor.

## III.    STATEMENT OF FACTS

On July 3, 2018, at approximately 8:30AM, Atlanta Police Department (APD) Detective James Barnett arrived at 2495 Harvell Drive NW, Atlanta, Georgia 30318 to investigate a house fire with two decedents.[8] The Atlanta Fire and Rescue

---

[4] *Id*. at ¶ 99.
[5] Doc. 101. [Appellant's App. Doc. 16-2, at 8 – 23].
[6] Doc. 119. [Appellant's App. Doc. 16-14, at 11 – 56].
[7] Doc. 126. [Appellant's App. Doc. 16-14, at 128 – 141].
[8] Doc. 101-2, Atlanta Police Department Supplement Incident Report, Incident No. 18-184-0299, hereinafter "Incident Report", 1. [Appellant's App. Doc. 16-2, 29-50].

Department (AFRD) had been at the location battling the fire and securing the scene when one firefighter discovered the remains of Mr. Harry Hubbard.[9] Ms. Hubbard was later found with unidentified wire/rope-like material wrapped around her neck twice and both AFRD Arson investigators and APD were notified.[10]

Appellant, son of Deborah Hubbard and stepson to Harry Hubbard, arrived at his parents' home shortly after 4:42AM.[11] Appellant stated that he had driven to the home at approximately 3:00AM that morning and did not notice any issues at the home.[12] He stated that he saw a citronella candle burning inside the home in the windowsill but did not go in the home.[13] Instead, Appellant exited the driveway and went to various locations to play video poker between 3:00AM and 4:42AM when he received the call that the house was on fire.[14] When asked about his activity that morning, Appellant stated that he had video evidence of all of his whereabouts that morning and provided said videos to APD.[15]

Appellant also began to give alternate theories concerning suspects and the way in which the fire could have started at the scene.[16] After the autopsies of the

---

[9] *Id*.
[10] *Id*.
[11] *Id*.; Doc. 101-3, Video 33D-7.
[12] Doc. 101-3.
[13] *Id.*
[14] *Id.*
[15] *Id*.
[16] Doc. 101-3.

victims, Det. Barnett spoke with other family members including children and siblings of the victims, the majority of which believed Appellant was or could have been responsible for the arson and double-homicide.[17] Det. Barnett also learned that Appellant was a beneficiary on Ms. Hubbard's life insurance and that the Hubbards planned to move back to Buffalo, NY and discontinue supporting Appellant.[18] All of this information coupled with Appellant's criminal history and suspicious activity on the night of the fire led Det. Barnett to believe that Appellant was the prime suspect in the arson double-homicide and apply for an arrest warrant for Appellant.[19] Officer Smith did not participate in the investigation or assist in obtaining the warrant for Appellant's arrest.[20]

On December 29, 2018, Appellant was arrested and charged with the murder of his mother and stepfather.[21] Even after Appellant's arrest, the arson and murder investigations continued to determine whether any other suspects remained at-large.[22] With help from the Fulton County District Attorney's Office, a second

---

[17] Doc. 101-2, Incident Report, at 3,5,8.

[18] Doc. 101-4, Deposition of James Barnett, taken April 9, 2021, hereinafter "Barnett Depo.", 58:12 – 59:10. [Appellant's App. Doc. 16-2, 68].

[19] Doc. 101-5, Criminal Warrant, Warrant No. EW-0253084, Affidavit for Arrest, 1 – 2. [Appellant's App. Doc. 16-2, 51-52].

[20] Doc. 101-6, Deposition of Darrin Smith, taken June 16, 2021, hereinafter "Smith Depo.", 26:2 – 32:6. [Appellant's App. Doc. 16-2, 60-61].

[21] Incident Report, 16.

[22] *Id*. at 18 – 21.

suspect, Cornelius Muckle, was identified and arrested in August of 2020.[23] Mr. Muckle denied knowing Appellant and Appellant was released after fifteen (15) months of imprisonment.[24]

## IV.    SUMMARY OF THE ARGUMENT

Although Appellant argues that Det. Barnett lacked probable cause to arrest him for the arson and double-homicide, the District Court properly granted summary judgment in favor of Det. Barnett on all of Appellant's claims. Given all of the evidence gained through Det. Barnett's investigation, Appellant failed to present a genuine issue of material fact concerning the alleged absence of probable cause. In contrast, Det. Barnett has demonstrated that the information that he presented in the warrant was true and correct to the best of his understanding and knowledge at the time the warrant was sworn out because none of the information was knowingly or recklessly false.

## V.    ARGUMENT AND CITATIONS OF AUTHORITY

### A. Standard of Review

Summary Judgment should be granted when "the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law."[25]  A factual dispute alone is not enough to defeat a properly pled

---

[23] *Id*. at 20.
[24] *Id*. at 22.
[25] FED. R. CIV. P. 56(a).

motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment.[26]  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[27]  A fact is material if it may affect the outcome of the suit under the governing law.[28]

The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material facts that should be decided at trial.[29] "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answer to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."[30] If the non-movant's response consists of nothing "more than a repetition of his conclusional allegations, summary judgment for the Defendant [i]s not only proper, but required."[31]

In deciding a motion for summary judgment, "[t]he court need only consider the cited materials, *but it may consider other materials in the record.*"[32] "Subdivision (c)(3) reflects judicial opinions and local rules provisions stating that

---

[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[27] *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

[28] *Allen v. Tyson Foods, Inc.*, 121 F. 3d 642, 646 (11th Cir. 1997).

[29] *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[30] *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting *Celotex*, 477 U.S. at 324).

[31] *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

[32] Fed. R. Civ. P. 56(c)(3) (2022) (emphasis added).

the court may decide a motion for summary judgment without undertaking an independent search of the record. Nonetheless, the rule also recognizes that a court *may consider record materials not called to its attention by the parties*."[33]

### B. Detective Barnett Had Actual Probable Cause To Seek The Arrest of Appellant.

"Under the Fourth Amendment, an individual has a right to be free from 'unreasonable searches and seizures' and an arrest is a seizure of the person. The 'reasonableness' of a seizure or arrest under the Fourth Amendment turns on the presence or absence of probable cause."[34] The Supreme Court of the United States has consistently held that, "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause."[35] Probable cause "means less than evidence which would justify condemnation … it imports a seizure made under circumstances which would warrant suspicion."[36]

In the Eleventh Circuit, it has long been held that "[t]o require an arresting officer to prove every element of a crime 'would negate the concept of probable cause and transform arresting officers into prosecutors.'"[37] Probable cause does, however, require that "the facts and circumstances within the officer's knowledge,

---

[33] *Id*. at Advisory Committee Notes, 2010 Amendment.
[34] *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137 (11th Cir. 2007).
[35] *Illinois v. Gates*, 462 U.S. 213, 235 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)).
[36] *Id*.
[37] *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).

of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."[38]

### 1. **The Qualified Immunity Analysis**

Qualified immunity provides "complete protection" for government officials, sued in their individual capacities, for performance of discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[39] It protects against liability and the need to defend against baseless lawsuits.[40]

Qualified immunity "is both a defense to liability and a limited "entitlement not to stand trial or face the other burdens of litigation."[41] "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions."[42] "When properly applied, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law."[43] Therefore,

---

[38] *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998).
[39] *Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1345 (11th Cir. 2013).
[40] *Lee*, 284 F.3d at 1194.
[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009).
[42] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).
[43] *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018)(cert. denied).

"questions of qualified immunity <u>must</u> be resolved 'at the earliest possible stage in litigation.'"[44]

The qualified immunity analysis consists of a preliminary inquiry, followed by two additional analyses. As a preliminary matter, the officer must prove that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."[45] Once it is established that the Appellee was acting within his discretionary authority, the burden shifts to the Appellant to show that qualified immunity is *not* appropriate.[46]

For the Appellant to establish that qualified immunity is not appropriate the Appellant must show (1) a violation of a constitutional right **and** (2) the constitutional right at issue was clearly established at the time of the alleged misconduct.[47] "The burden thus lies with Appellant to show that his arrest violated a constitutional right and that the right was clearly established at the time of the arrest."[48] "The judges of the district courts and the courts of appeals . . . [are] permitted to exercise their sound discretion in deciding which of the two prongs of

---

[44] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (emphasis supplied); *see also Pearson v. Callahan,* 555 U.S. 223, 232 (2009) ("we <u>repeatedly have stressed</u> the importance of resolving immunity questions" as early as possible in the litigation)(emphasis supplied).

[45] *Lee*, 284 F.3d at 1194.

[46] *Id*. (emphasis supplied).

[47] *Gates*, 884 F.3d at 1297.

[48] *Id.*

9

the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[49]

### a. Det. Barnett is entitled to qualified immunity because Appellant's constitutional rights were not violated when he was arrested.

Det. Barnett was acting within his discretionary authority when he sought an arrest warrant for Appellant.[50] Given the information that Det. Barnett possessed at the time of the arrest, a reasonable officer in the same circumstances would have believed that probable cause existed to arrest Appellant. Specifically, through his investigation, Det. Barnett learned *inter alia* that Appellant's own family members were suspicious that he may have been involved in the arson and double-homicide.[51] Det. Barnett also learned that Appellant had financial motives to harm the decedents and Appellant was in the vicinity of the arson double-homicide shortly before the fire began.[52] It was also peculiar that Appellant did not alert anyone in the house to the fact that the candle was still burning after 3:00AM and did not react with any sense of urgency when he was informed that the house was on fire.[53]

---

[49] *Pearson*, 555 U.S. at 236.
[50] *Hochstein v. Demings*, 723 Fed.Appx. 938, 945 (11th Cir. 2018)(Officer was engaged in discretionary function when he arrested Plaintiff).
[51] Incident Report, at 3,5,8.
[52] *Id*. at 12; *Id*. at 1.
[53] Incident Report, 7.

As the District Court held, probable cause "need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction."[54] In fact, probable cause is not a high bar, and an official has probable cause to seek an arrest warrant when a reasonable officer could conclude that there is a probability or substantial chance of criminal activity.[55] Despite Appellant's own interpretation of the facts, as the Eleventh Circuit has held, "[e]ven 'seemingly innocent' activity can be the basis for probable cause" because "[p]robable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.'"[56] Thus, even if Appellant contends that all of his behaviors on the night of the fire were "innocent", Det. Barnett still had probable cause to arrest Appellant and "the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."[57]

Appellant argues that various "exculpatory" factors were not mentioned in the warrant that would have led a reasonable officer and/or Magistrate to believe that probable cause did not exist. For example, Appellant argues that Det. Barnett knew or should have known that the fire was not a "slow burn" fire and should have

---

[54] *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) (internal quotation marks and citations omitted) (alteration in original).
[55] *Casey v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009).
[56] *Id.*
[57] *Gates*, 884 F.3d at 1297.

included this information in the warrant.[58] However, Det. Barnett, a police investigator, and not a trained arson investigator, did not find out until May 15, 2019, nearly five (5) months after he swore out the warrant, that the fire was probably not a "slow burn" fire.[59] Additionally, Appellant argues that Det. Barnett knew or should have known that he was not the sole beneficiary of the house insurance policy.[60] Yet, Det. Barnett never told the Magistrate Judge how much Appellant stood to gain from the house insurance payout,[61] only that he was *a* beneficiary, which Appellant admits is true[62]. Lastly, Appellant argues that Det. Barnett knew or should have known that the Hubbards were alive during the fire at the time he swore out the warrant.[63] However, Det. Barnett did not receive the Medical Examiner's autopsy report on the Hubbards until February 6th and 7th, almost two (2) months after the warrant was sworn out. This information which added to Det. Barnett's understanding of how, when, and why the Hubbards died was obtained ***at Det. Barnett's request*** once it was available. Thus, the warrant was sworn out with the best information that Det. Barnett had at that time in his investigation, which still amounted to probable cause to arrest Appellant.

---

[58] Appellant's Br., 22.
[59] Doc. 101-2, at 18.
[60] Appellant's Br., 18.
[61] Doc. 101-5, at 2.
[62] Appellant's Br., 19.
[63] *Id*. at 17.

**b. Detective Barnett had at least arguable probable cause to seek the arrest of Appellant based upon the information discovered during his investigation.**

In interpreting the Supreme Court's precedent regarding probable cause and qualified immunity, the Eleventh Circuit has held that "[e]ven without actual probable cause, however, a police officer is entitled to qualified immunity if he had only 'arguable' probable cause to arrest the Appellant."[64] "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the [Appellee] <u>could</u> have believed that probable cause existed to arrest."[65]

Assuming *arguendo* that Det. Barnett did not have actual probable cause to arrest Appellant, the totality of the record demonstrates that he had arguable probable cause to arrest Appellant. "In determining whether arguable probable cause exists, the issue is not whether the [Appellant] was in fact guilty of the charged offense, but rather, whether 'reasonable officers in the same circumstances and possessing the same knowledge as the [Appellees] could have believed that probable cause existed to arrest [Appellant].'"[66]

---

[64] *Lee*, 284 F.3d at 1195.

[65] *Redd v. City of Enterprise*, 140 F.3d 1378, 1383-84 (11th Cir. 1998).

[66] *Jones v. Michael*, 656 Fed. Appx. 923, 927 (11th Cir. 2016) (unpublished) (quoting *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010)).

Here, Appellant has produced no evidence tending to demonstrate that a reasonable officer in the Officers position could not have possibly believed that probable cause existed to arrest Appellant. In fact, other officers that reported to the scene of the incident did grow suspicious of Appellant based upon his actions and statements at the scene.[67] Given the fact that a reasonable officer could conclude that Appellant was involved or could have been involved in the arson double-homicide, Det. Barnett had, at least, arguable probable cause to arrest Appellant, and therefore, did not violate a clearly established right of which he should have known, he is entitled to qualified immunity.[68]

## C. <u>A Finding of Probable Cause Precludes Appellant From Recovering For Alleged Due Process Violations and Punitive Damages.</u>

The Eleventh Circuit has held that "the existence of probable cause at the time of a seizure is an absolute bar to a subsequent constitutional challenge to the seizure."[69] Thus, Appellant's subsequent constitutional challenges relating to alleged due process violations as a result of his seizure are barred by the existence of probable cause. Similarly, Appellant's punitive damages claims must also fail.

Punitive damages are only appropriate under Sec. 1983 when a Appellee's conduct was "motivated by evil motive or intent, or when it involves a reckless or

---

[67] Video 33D-7.
[68] *Hochstein*, 723 Fed.Appx. at 947.
[69] *Brown*, 608 F.3d at 734.

callous indifference to the federally protected rights of others."[70] However, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[71] Therefore, since Det. Barnett is entitled to qualified immunity, he cannot be held liable for punitive damages related to any alleged constitutional violation.[72]

Additionally, Appellant argues that arguable probable cause would not shield Det. Barnett from liability in this case.[73] However, the question of qualified immunity also turns on whether the alleged constitutional violation was sufficiently outlined to place the alleged tortfeasor on notice at the time of the incident.[74] As Appellant contends, the relied upon case, *Luke II*, was decided in 2022, well after the events giving rise to this incident occurred.[75] Thus, Det. Barnett did not, and could not have known, at the time of the incident, that arguable probable cause would not entitle him to qualified immunity against Appellant's false arrest and punitive

---

[70] *Smith v. Wade*, 461 U.S. 30 (1983).
[71] *Washington v. Kirksey*, 811 F.2d 561, 565 (11th Cir. 1987)(citing *Davis v. Scherer*, 468 U.S. 183 (1984)).
[72] *See id*.
[73] Appellant's Br., 59.
[74] *Leslie v. Hancock Cnty. Bd. of Educ*., 720 F.3d 1338, 1345 (11th Cir. 2013).
[75] Appellant's Br., 59.

damages claims. As a result, Det. Barnett is entitled to qualified immunity against Appellant's remaining claims, even if he only had arguable probable cause.

### D. The Magistrate Court's Review of Additional Information in the Record Was Proper.

Appellant previously objected to the Magistrate Court's review of the record on the grounds that it "go[es] beyond the facts and evidence presented by the parties."[76] However, Federal Rule of Civil Procedure 56(c)(3) explicitly allows this kind of review. Although generally relied upon "so that a 'court may decide a motion for summary judgment without undertaking an independent search of the record'",[77] Rule 56(c)(3) in no way prohibits such independent review. "Moreover, many of the facts upon which [Appellant] relies are also contradicted by the record."[78] Thus, Appellant's objection to the Magistrate Court's independent review of the record is without merit.

### E. Appellant Cites to Two Cases that are Easily Distinguishable from the Facts of This Case.

In his Brief, Appellant cited to two main cases for the proposition that Defendant's Motion for Summary Judgment should have been denied. Specifically, Appellant cites to *Cozzi v. City of Birmingham*, 892 F.3d 1288 (11th Cir. 2018) and

---

[76] Doc. 123, at 2. [Appellant's App. Doc. 16-14, 62].

[77] *HRCC, Ltd. v. Hard Rock Café International (USA), Inc.*, 703 Fed.Appx. 814, 817 (11th Cir. 2017).

[78] Doc. 119, at 8. [Appellant's App. Doc. 16-14, 18].

16

*Franks v. Delaware*, 438 U.S. 154, 165-66 (1978). Both cases, however, are easily distinguishable from the facts and circumstances of the above-styled case.

In *Cozzi*, the Eleventh Circuit held that because "[d]espite having been given **plainly exculpatory and easily verifiable information,** Thomas did not look at Cozzi's tattoo before arresting him… Thomas 'unreasonably disregarded' evidence establishing that Cozzi was not the perpetrator of the crimes."[79] In that case, because Thomas had video evidence that the perpetrator of the crimes had multiple tattoos and, in Cozzi's presence, could have seen that Cozzi only had one tattoo, but arrested Cozzi without verifying this "easily verifiable information" he was not entitled to qualified immunity.[80]

Here, however, there is no "plainly exculpatory and easily verifiable information" that could have been identified by Det. Barnett. The video that Appellant provided regarding his whereabouts contained indicia of unreliability[81], Appellant's own statements to officers at the scene were suspicious[82], and Appellant had a financial interest in the demise of both victims.[83] Thus, Appellant's own information, facts, circumstances, and actions, not the alleged nefarious acts of Det.

---

[79] *Cozzi v. City of Birmingham*, 892 F.3d 1288, 1297 (11th Cir. 2018)(emphasis added).
[80] *Id.*
[81] Doc. 119, at 19, n. 10.
[82] Doc. 101-3.
[83] *Id.*

17

Barnett, placed him in the precarious situation of being considered a suspect. Under the totality of the circumstances Det. Barnett faced, no "plainly exculpatory and easy verifiable information" existed to combat the overwhelming amount of evidence against Appellant.

Det. Barnett was faced with conflicting information[84], serendipitous circumstances[85], and suspicious behavior[86]. Based upon the totality of the circumstances, probable cause to arrest existed because it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."[87] There was no single piece of evidence or any combination of evidence that showed "beyond a reasonable doubt" that Appellant was not or could not have been involved in the arson double-homicide. Thus, Det. Barnett did not violate Appellant's Fourth Amendment rights in deciding to swear out a warrant against him and the District Court's decision should be affirmed.

As outlined by this Court in *Franks*, a showing that a warrant affidavit is truthful, "**does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct**", but to be truthful, there must be a showing that "the information put forth is **believed or appropriately accepted** by

---

[84] Doc. 119, at 17 – 19.
[85] *Id*.
[86] *Id*.
[87] *Barnett v. MacArthur*, 956 F.3d 1291, 1297 (11th Cir. 2020).

the affiant as true."[88] Here, the information that Det. Barnett obtained and placed in the warrant was truthful to the best of his belief and knowledge. Although Appellant argues that Det. Barnett ***should have known*** when the Hubbards succumbed to their injuries in the fire, whether the fire was a "slow burn" fire, and how much Appellant stood to gain from the insurance pay out ***before*** swearing out the warrant, Det. Barnett was not privy to this information until ***after*** the warrant was signed. Therefore, based upon the information he had obtained ***at the time***, Det. Barnett did not have the allegedly exculpatory information that Appellant claims should have been relayed to the Magistrate Judge. Obviously, one cannot relay information that they do not have. Thus, Appellant's "should have known" theory strains credulity. Det. Barnett's statements in the warrant were undoubtedly truthful.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Det. Barnett is entitled to qualified immunity against Appellant's claims. Det. Barnett had actual probable cause to arrest Appellant based upon the overwhelming circumstantial evidence against him. Thus, Det. Barnett is entitled to qualified immunity from all claims against him.

**RESPECTFULLY SUBMITTED,**

*/s/ Staci J. Miller*
**STACI J. MILLER**

---

[88] *Kelly v. Curtis*, 21 F.3d. 1544, 1554 (11th Cir. 1994) (quoting *Franks v. Delaware*, 438 U.S. 154, 165-66 (1978)) (emphasis added).

Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
***Attorney for Appellee***

**CITY OF ATLANTA - LAW DEPARTMENT**
55 Trinity Avenue SW, Suite 5000
Atlanta, GA 30303
Office: 404-546-4100 (*main*)
Fax: 404-225-5657
Direct: 404-546-4083

## CERTIFICATE OF COMPLIANCE WITH F. R. APP. P. 32(a)

1. This brief complies with the type-volume limitations for the FED R. APP. P. 32(a)(7)(B) because:

- this brief contains 4,261 words.

2. This brief complies with the typeface requirements of FED R. APP. P. 32(a)(5) and the type style requirement of FED. R. APP. P. 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14 Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I electronically filed the forgoing

*RESPONSE BRIEF OF APPELLEE JAMES BARNETT* with the Clerk of

Courts using the CM/ECF e-filing system with service on the following attorneys

of record electronically:

**ZACK GREENAMYRE**
**SAMANTHA FUNT**
MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
zack@mitchellshapiro.com and
sam@mitchellshapiro.com

**RESPECTFULLY SUBMITTED,**

/s/ *Staci J. Miller*
**STACI J. MILLER**
Attorney
Georgia Bar No. 601594
sjmiller@atlantaga.gov
404-546-4083 *direct*

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
(404) 546-4100 *office*
(404) 225-5756 *fax*